UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD STARKS et al, <br><br> Plaintiff, <br><br> v. <br><br> CAROL KEY et al, <br><br> Defendant. | CASE NO. C23-0933-KKE <br><br> ORDER |

This matter comes before the Court *sua sponte*, and on the Plaintiffs' Application for Court-Appointed Counsel in related case C23-01493-KKE (Dkt. No. 8).

The complaint (Dkt. No. 5) filed in this case by Plaintiffs Edward Starks and Terrye Starks, proceeding *pro se*, duplicates another complaint filed by the same Plaintiffs. *See Starks et al. v. The Cove Apartments et al*, Case No. C23-01493-KKE (W.D. Wash.), Dkt No. 7. These complaints allege that Defendants committed Fraud and/or Misrepresentation.

**I.    CONSOLIDATION OF CASES**

Federal Rule of Civil Procedure 42(a) permits a court to *inter alia* consolidate actions that involve common questions of law or fact. To determine whether to exercise its broad discretion to consolidate actions, courts "evaluate the existence of common questions of law or fact and weigh

ORDER - 1

the interests of judicial economy against any delay or prejudice that may result." *Burton-Curl v. Seattle College District South Campus*, Case No. 2:22-cv-01781-LK, 2023 WL 2352225, at *1 (W.D. Wash. Mar. 3, 2023) (cleaned up).  A court may consolidate cases on its own motion. *See, e.g., In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("[C]onsolidation is within the broad discretion of the district court . . . and trial courts may consolidate cases *sua sponte*[.]").

Based on the Court's review of the dockets at issue, and in consideration of the early stage of the litigation, it does not appear that delay or prejudice would result from consolidation. Furthermore, because the Plaintiffs have filed nearly identical motions in both cases, consolidation would serve to prevent "needless cluttering of the Court's docket[.]" *Disher v. Citigroup Global Markets, Inc.*, 487 F.Supp.2d 1009, 1014 (S.D. Ill. 2007).

## II.     SUBJECT MATTER JURISDICTION

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). 28 U.S.C. § 1331 grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The party asserting jurisdiction, here, the Plaintiffs, has the burden of establishing federal jurisdiction. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

A plaintiff's action "arises" under federal law when a federal law creates a particular cause of action or the plaintiff requests relief under a state law that requires the interpretation of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002).  "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (cleaned up).  In other words, for this Court to

have subject matter jurisdiction over Edward Starks and Terrye Starks's complaint, they must identify a specific federal law or question they believe has been violated.

The complaint states the basis for federal jurisdiction is "Federal question," and identifies the federal question at issue as "Fraud and Misrepresentation." Unfortunately, this description does not sufficiently identify a specific statute, treaty, or provision of the United States Constitution that would allow this Court to hear this case. The Court finds the complaint does not adequately identify a basis for federal question jurisdiction.

**III.   APPLICATION FOR COURT-APPOINTED COUNSEL**

Plaintiffs have requested that the Court appoint counsel to represent them. C23-01493-KKE, Dkt. No. 8. The motion asserts "This action seeks relief under federal statutes protecting civil rights." Dkt. No. 8 at 1. However, the Complaint does not list a federal statute protecting civil rights.

**IV.   ORDER**

For the reasons discussed above, the Court ORDERS:

1. This case is consolidated with Case No. C23-01493-KKE.

2. The parties are directed to use only Case No. C23-01493-KKE and not Case No. C23-0933-KKE on all future filings.

3. Plaintiffs are to SHOW CAUSE why this action should not be dismissed for lack of subject-matter jurisdiction. The Plaintiffs shall provide to the Court, no later than November 17, 2023, an explanation of what federal question is presented by this case, specifically identifying a federal law, federal treaty, or provision of the United States Constitution Plaintiffs assert has been violated. The response may not exceed 10 pages. If Plaintiffs' response includes changes to the underlying factual allegations, Plaintiffs

must file an amended complaint.[1]  If Plaintiffs do not respond to this order by the deadline, the Court will DISMISS this case without prejudice.

4. Plaintiffs' motion for court-appointed counsel is DENIED. Dkt. No. 8.

Dated this 3rd day of November, 2023.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge

---

[1] An "amended complaint supersedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, to the extent Plaintiffs file an amended complaint, all factual allegations and legal assertions must be included in their amended complaint.

ORDER - 4